THOMAS, Acting Chief Justice.
This court issued an alternative writ of mandamus, 6 November 1956, commanding the respondents, who are members of Florida Railroad and Public Utilities Commission, to cancel a “letter order” of the commission granting temporary authority to Rockana Carriers, Inc., to engage in certain transportation operations, and to revoke the rule of the commission, numbered 61, or to show cause for their failure to comply with the writ.
This action was an aftermath of the litigation we concluded by our opinion in Seaboard Air Line Railroad Co. v. King, Fla., 89 So.2d 246, by which we quashed an order of the commission that a certificate of public convenience and necessity held by L. H. Sims be cancelled and reissued to Rockana Carriers, Inc.
The matter comes to us again on the motions of the commission and Rockana Carriers, Inc., to quash and the answer of the latter.
After the decision in the cited case was announced, Rockana Carriers, Inc., immediately applied for a certificate of convenience and necessity authorizing the carriage in which it had been engaged under the certificate this court had held invalid, and inasmuch as the service had been furnished for some time under that certificate, the carrier sought and was granted temporary authority to continue against the day when the formal procedure, we held had not earlier been followed, should be conducted to determine whether or not the carrier should be awarded a certificate of public convenience and necessity.
The commission has adopted a rule, Rule 61, that an application for temporary authority to operate will be considered when formal application for a certificate of public convenience and necessity has been made, the written request for interim authority has been filed, immediate and urgent need for the transportation has been shown to exist, and all certificate holders whose rights might be adversely affected have been notified. Such temporary authority extends only to the time the application for a certificate is determined by the commission or by the Supreme Court.
The relators assert that the commission had no power to grant temporary authority to the carrier, and that the rule of the commission on which it was based is illegal and void.
The commission is given extensive supervisory and regulatory power over transportation companies engaged in common carriage by automobile, Sec. 323.07, Florida Statutes 1955, and F.S.A., and in exercising its duties “may * * * prescribe rules and regulations applicable to any and all such auto transportation companies.” Also by Sec. 350.12(2) (m), Florida Statutes 1955, and F.S.A., the commission was empowered to “prescribe all rules and regulations appropriate for the execution of any of the powers conferred upon them by law either in express terms or by implication * * In this section it is further provided:
“ * * * Every rule, regulation, * * * or order heretofore or hereafter made by the commissioners shall be deemed and held to be within their jurisdiction and their powers, and to be reasonable and just and such as ought to have been made in the premises and to have been properly made and arrived at in due form of procedure and such as can and ought to be executed, unless the contrary plainly appears on the face thereof or be made to appear by clear and satisfactory 'evidence, and shall not be set •aside or held invalid unless the contrary so' appears. All presumptions *370 shall be in favor of every action of the commissioners and all doubts as to their jurisdiction and powers shall be resolved in their favor, * *
Relators complain about the grant of the temporary authority without notice to them because of the mandate in Sec. 323.02, Florida Statutes 1955, and F.S.A., that no auto transportation company may operate without having first obtained a certificate of public convenience and necessity. Their principal objection is the failure of notice to them, and this is met by the statement of the commission that notice must be given only to certificate holders- whose rights are adversely affected, while a railroad company is not a “certificate holder.”
The circumstances of this case convince us that it is a fair illustration of the need for the rule about which the relators complain. After a hearing, attendant by representatives of relators who opposed a transfer of the certificate of public convenience and necessity from L. H. Sims to Rockana Carriers, Inc., the commission approved the transfer and the transferee continued service under it until upon certiorari to this court it was held that it had not been properly re-issued because it was in reality a permit grown into a certificate, and because of the rejection of certain testimony the court considered relevant. -
Ten days after its petition for rehearing was denied by this court, the carrier applied for a certificate to furnish the service it had been furnishing under the certificate earlier declared invalid. As has been seen from an analysis of the rule under attack, the filing of the new application was a prerequisite to the granting of .the temporary authority.
Undoubtedly the commission felt that this carrier was to perform a service fully justified under the law when the assignment from L. H. Sims was recognized. The whole matter has now been resubmitted to the commission on its merits. It seems to us sensible to permit continuance of the operation, and preserve the status quo, while a re-examination of the case could be made. The alternative would have been to stop the carrier from operating while the action pended.
Under the certificate first issued to L. H. Sims and later cancelled and re-issued to the carrier, a definite service acceptable to the commission, and, according to the present record, beneficial to a segment of the public, was performed. It was interrupted by our decision which went more to the procedure followed than to the merits of the controversy that developed. The present procedure before the commission is obviously an attempt to correct that which we found defective. Although we see no harm in the decision of the commission permitting the carrier to operate temporarily until the whole matter can be considered and a determination reached whether or not a certificate of convenience and necessity should be, after proper investigation and examination, issued to the carrier, we think the relators have just complaint about the provision in the rule for notice.
We hold that the rule was within the authority of the commission to promulgate. In the vast field of the commission’s operation, it is conceivable that many situations could arise requiring immediate temporary action both to protect industry and to advantage the public.
But we conclude that the part of the rule with reference to notice cannot be sustained. Under the statute, notice of hearing on an application for a certificate of convenience and necessity, must be given “to all transportation companies serving any part of the route proposed to be served by the applicant * * Sec. 323.03(2), Florida Statutes 1955, and F.S.A. By the rule, notice is required to be served “on all existing certificate holders whose rights might be adversely affected * * (Italics supplied.)
The provision in the rule for notice is narrower than the one in the statute and *371 this we cannot approve. The relators were, in our opinion, entitled to reasonable notice of application for temporary authority.
In this very case the same relators were the successful petitioners in the proceeding attacking the reissuance of the certificate to the carrier. They were entitled to notice of the application for a certificate of convenience and necessity which, under the rule, was required to be on file when the carrier sought the temporary authority. We think they were entitled also to be heard on the matter of the interim authority.
The motions to quash the alternative writ are denied.
ROBERTS, THORNAL and O’CON-NELL, JJ., concur.