THOMAS, Justice.
Ace Delivery Service has since 1954 been engaged in the common carriage of garments on hangers among places in Dade, Broward and Palm Beach Counties under a certificate of the Railroad and Public Utilities Commission, numbered 481. After acquiring the certificate in that year application was made to enlarge the authority of the certificate to permit transportation of wearing apparel in packages also. Then, during the same year, the petitioner sought and was granted authority temporarily to transport wearing apparel in packages as well as garments on hangers in the three counties.
The temporary permission was given by telegram in which it was specified that the authority was “restricted * * * to transportation from wholesale to retail establishments.” This arrangement remained undisturbed until final determination of the cause about four years later. In the meantime, at the beginning of the hearing, the petitioner amended its application so as to request authority for the transportation of wearing apparel in packages as well as on hangers, but only from wholesalers to retailers.
Although the hearing was held before an Examiner late in 1957, it was not until *518 November 1961 that the application was denied. In the intervening years, as we have seen, the petitioner had operated without interruption under the impermanent telegraphic authority of the Commission.
We gather from the record that the petitioner provided transportation services solely to manufacturers of wearing apparel, carrying their products on hangers, and that the effort to obtain additional authority was prompted by a desire to save its customers the necessity of securing other means of carriage when some of the clothing was shipped in packages. With the additional authority, the petitioner could meet the transportation needs of a given customer whether the apparel to be transferred was in one form or the other the petitioner at all times being limited to carriage from the wholesaler to the dealer. The Examiner recommended that the authority be granted, however, the Commission, one member dissenting, concluded that the service as enlarged would “constitute a partial parcel delivery service” and to grant it “would allow a small crack in the dike of safeguards adopted by the Commission” presumably to protect the existing parcel carriers. Neither party to this controversy has directed us to a definition in the record of “parcel delivery service.” By contrast it would appear that such service is the carriage in all directions among shippers and consignees, while the petitioner is restricted in the way we have described.
This controversy simply devolves into the problem whether or not the petitioner in continuing its operation may carry for a customer a garment on a hanger, as originally authorized, but must desist from carrying one in a box as was permitted for four years.
In our opinion this conclusion pays too little attention to the substance and too much to the form.
We have great difficulty in accepting the view that if a given manufacturer delivers to the petitioner a dress in a box and another on a hanger the petitioner may carry the former but not the latter. And we have trouble approving the view that authority to transport both would make of the petitioner a parcel delivery server.
The predominant feature is the restriction that whether borne in a package or on a hanger the freight can start in only one sort of establishment, that of the manufacturer, and end in only one, that of the retailer.
We think the essential requirements of law could not properly bring one to the conclusion reached and in deciding so we are frank to say we have not been uninfluenced by the fact that the petitioner was operating in the manner described under sanction of the Commission for four years before the Commission got around to the decision that the operation was wrong, presumably all along.
The order forbidding the extended service is quashed,
ROBERTS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.