167 So.2d 848 (1964)
SOUTHERN ARMORED SERVICE, INC., and Rasdale Armored Car Service, Inc., Petitioners,
v.
Edwin L. MASON, Jerry W. Carter, and Wilbur C. King, as members of and constituting the Florida Railroad and Public Utilities Commission, Respondents.
No. 32420.
Supreme Court of Florida.
June 17, 1964.
Rehearing Denied October 28, 1964.
*849 Wm. Joe Sears, Jacksonville, and D. Fred McMullen, Tallahassee, for Southern Armored Service, Inc.
M. Craig Massey, for Rasdale Armored Car Service, Inc.
Lewis W. Petteway, Tallahassee, and John W. McWhirter, Jr., for Florida Railroad and Public Utilities Commission.
Hill, Hill & Dickenson, Tampa, for Armored Express, Inc.
O'CONNELL, Justice.
In December 1961 the respondent Commission granted Armored Express a certificate of public convenience and necessity authorizing it to operate an armored car service in Hillsborough County. Subsequently in December 1962, by Order No. 5590, the Commission, with one member dissenting, granted an extension of this certificate authorizing Armored Express also to render such service in Pinellas, Polk, Pasco, Manatee and Sarasota Counties.
Since 1957 Southern had been and is authorized to render armored car service between all points and places in Florida.
Rasdale has since 1953 held a certificate authorizing it to render armored car service in several counties, including those covered by the order extending Armored Express' certificate.
Both Southern and Rasdale opposed Armored Express' application for extension of its certificate. In this proceeding they seek quashal of Order No. 5590 which granted the extension.
By way of background it should be noted that the December 1961 order which granted Armored Express authority to operate an armored car service in Hillsborough County denied the application of that carrier also to operate in several surrounding counties, including Pinellas, Polk, Pasco, Manatee and Sarasota which are the counties covered in the extension order. The Commission explained denial of authority in these counties saying that both Southern and Rasdale were then adequately serving these counties, or could do so, and there was evidence of need for additional service only in Hillsborough County.
However, on April 11, 1962 the Commission sua sponte entered its Order No. 5397 entitled "Order Directing Emergency Service." This order directed Armored Express immediately to provide cash letter service to any banks in Pasco, Polk, Pinellas and Hillsborough Counties pending outcome of an investigation into the armored car service in the "Tampa Bay Area."
This Order No. 5397 was issued after filing of affidavits of two banks following loss by Rasdale of two cash letters in March 1962.
This order was not issued pursuant to any application, no hearing was held and no notice given as required by Section 323.03, F.S.A. This order remained in effect until vacated by the Commission on October 9, 1962.
Meanwhile Armored Express, while operating under the said emergency order, on June 4, 1962 filed its application for authority *850 to operate in the counties of Pinellas, Polk, Pasco, Manatee and Sarasota. This application resulted in Order No. 5590 under attack in this proceeding.
We must here note that Southern, one of the petitioners in this cause, also filed in this Court a petition for certiorari directed to Order 5397, the order directing emergency service which order had been vacated by the Commission in October 1962. We dismissed that petition but reserved to petitioners the right to show in the case now before us the invalidity of such order as it might affect petitioners' first question presented in this cause.
Petitioners present two questions for decision.
First they contend that the Commission departed from the essential requirements of the law in receiving, over objection, and considering in proof of convenience and necessity evidence of Armored Express' operation under the emergency Order No. 5397.
We think petitioners are correct on this point.
Section 323.03, F.S.A. prohibits operation of any auto transportation company on the highways of this state until it shall have been issued a certificate of public convenience and necessity by the Commission.
Section 323.03 provides that such a certificate shall be issued only upon application and after notice and hearing.
None of these basic statutory requirements were met as a predicate to issuance of Order No. 5397.
In support of that order the Commission takes the position that the general authority granted to it in Sections 323.07 and 350.12, F.S.A. is adequate to support its action. The Commission also cites Fogarty Bros. Transfer, Inc. v. Boyd, Fla. 1959, 109 So.2d 883 and State ex rel. Seaboard Air Line Railroad Co. v. King, Fla. 1957, 93 So.2d 368 as authority for its action. Neither of these cases holds that the Commission may issue any certificate or operating authority, permanent or temporary, without application therefor followed by notice and hearing as required by the statutes above cited.
The Commission is a statutory body with special and limited powers. It can only exercise the power expressly or impliedly granted to it and any reasonable doubt of existence of any power must be resolved against the exercise thereof. Atlantic Coast Line Ry. Co. v. State, 1917, 73 Fla. 609, 74 So. 595, and Fogarty Bros. Transfer, Inc. v. Boyd, supra.
While we find no statutory provision for issuance of temporary or emergency certificates or authority, this Court has unheld action of the Commission in which it granted temporary operating authority, but we specifically required that it be on application after notice and hearing. State ex rel. Seaboard Air Line Railroad Co. v. King, supra.
This Court has always held that no change or modification could be made in any existing operation except upon affirmative finding by the Commission, after due notice and hearing, that public convenience and necessity required the change. Central Truck Lines v. Railroad Commission, 1935, 118 Fla. 555, 160 So. 26.
We are forced to the conclusion that Order No. 5397 was issued in violation of the applicable statutes, that the Commission did not have the authority to issue it under these circumstances, and therefore it was void when issued.
In view of this conclusion we think it was error for the Commission to receive and consider as proof of public convenience and necessity evidence of Armored Express' operation under Order No. 5397.
The Commission urges that Crichton v. U.S., 56 F. Supp. 876, affirmed by the U.S. Supreme Court at 323 U.S. 684, 65 S.Ct. 559, 89 L.Ed. 554, makes evidence of such operations admissible. It also cites a case *851 decided by the Interstate Commerce Commission in support of this view. Melton Truck Lines, Inc. extension, 15 Fed.Car. Cases 35,384. We have considered these cases but do not find the factual circumstances to be sufficiently akin to the case at bar to control.
Petitioners cite Shrader v. Shrader, 36 Fla. 502, 18 So. 672; McGehee v. Wilkins, 31 Fla. 83, 12 So. 228, and Malone v. Meres, 91 Fla. 709, 109 So. 677, in support of their argument that a void judgment or order is ineffectual for any purpose and all acts performed under it and all claims flowing out of it are void. These decisions give us no direct aid in settling the question before us and we have found no authorities which do.
We have held Order No. 5397 to have been issued without compliance with statutory requirements and therefore to have been void when issued. Under the statutes operation of an auto transportation company without a certificate of public convenience and necessity being first properly issued is illegal. Thus, Armored Express' operation under Order No. 5397 must be held to have been illegal.
In the instant case Armored Express should not be punished for obeying in good faith the void order of the Commission, yet neither should it be permitted to gain any advantage as a result thereof.
It seems to us that to allow proof of public convenience and necessity to be made by evidence of a legally unauthorized operation would defeat the obvious purpose of the statute which is to prevent such operations. It would reward rather than penalize such unauthorized conduct.
We agree with Commissioner Mason, who in his dissent to the order granting the extension of Armored Express' certificate said:
"It appears from the record that support for this application is founded primarily on business obtained or generated by this Commission's Emergency Order No. 5397 dated April 11, 1962. This type evidence should not be a basis for granting any certificate of public convenience and necessity or extension of an existing certificate."
We come then to the second point for decision in which petitioners contend that the record does not show that public convenience and necessity require the extension of Armored Express' certificate.
The fact that most, if not all, of the evidence presented by the applicant was in some way related and entwined with its operation under the void emergency order makes our decision on this point much more difficult than in the usual case of this kind.
Nevertheless, after considering the record in light of our conclusion that evidence of Armored Express' service under the void order should not be considered, we have determined that Order No. 5590 is not supported by competent substantial evidence demonstrating public convenience and necessity for the extension of Armored Express' certificate to operate an armored car service beyond Hillsborough County.
Officials of two banks testified that they had terminated Rasdale's services because of loss of cash letters in March 1962. One testified his bank would not use Rasdale's services again, but then admitted that it had been doing so. An official of another bank testified that it had used Rasdale's services, but ceased because it was not economically satisfactory.
All of the witnesses testified that Rasdale's services were satisfactory, except for the losses of cash letters.
No witness testified that one armored car service was not sufficient to supply needed service, but most of the witnesses stated it would be convenient and desirable, both for scheduling of runs and for rates, to have two competing services.
We think of no circumstance in which it would not be desirable and convenient to have more than one carrier serve *852 an area, but as this Court observed in Seaboard Air Line Ry. v. Wells, 1931, 100 Fla. 1631, 131 So. 777, it is not enough to show that another competing carrier will serve the convenience of some individuals. There must be a showing of reasonable necessity also.
It is the policy of the law to avoid duplication of services unless it be affirmatively shown that such is required by public convenience and necessity. Central Truck Lines v. Railroad Commission, supra.
Another aspect of the order under assault buttresses our decision that Armored Express' certificate should not have been extended.
Section 323.03(3) F.S.A. requires that the Commission consider the effect which granting of the extended authority will have on existing facilities in the affected area. In its order the Commission found that extension of Armored Express' authority would have no appreciable adverse effect on existing carriers. The record does not support this finding.
The record shows that in the months of May, June and July immediately following the commencement of the emergency cash letter service by Armored Express under Order No. 5397, Rasdale's revenues in Polk and Pinellas Counties dropped more than $600.00 a month.
The evidence also shows that Armored Express lost money in every month of 1962, except February when it made a profit of $150.00. These losses occurred despite the fact that this company was operating in the extended area after April 11, 1962.
In addition the evidence shows that Southern, which prior to June 1962 had only offered limited service in the area, had thereafter enlarged its operation and was serving several of the banks whose officials testified at the hearing. While this evidence of Southern's increased service should not be considered in the determination of public convenience and necessity because it commenced after the date of Armored Express' application it can and should be considered in evaluating the effect on existing facilities likely to result from the granting of extended authority to Armored Express.
When the results of the increased service by Southern is considered together with the demonstrated effect of Armored Express' emergency operation it becomes apparent that granting of the extended authority will have considerable adverse effect on Rasdale, one of the existing facilities.
For the foregoing reasons the petition for writ of certiorari is granted, the writ is issued and Order No. 5590 is quashed.
It is so ordered.
THOMAS, Acting C.J., CALDWELL and HOBSON (Ret.), JJ., and HEWITT, Circuit Judge, concur.