O’CONNELL, Justice.
The above styled causes were consolidated for argument by order of this Court. The petitioners and respondents are identical in each case, however, there is a different intervener in each case. Nevertheless, the issues in each case are either identical, or so similar, as to permit decision of all cases by this one opinion.
The petitioners are long time holders of certificates of public convenience and necessity authorizing transportation of household goods to and between all points in Florida, with equipment domiciled at Jacksonville, Florida.
The interveners are non-certificated carriers of household goods and have for some time in the past transported such goods in that portion of Duval County which, until the passage of Chapter 63-5S6, Laws of Florida, 1963, was exempt from jurisdiction and control of the Commission by the provisions of F.S. Section 323.29(1), F.S.A. Chapter 63-SS6 became effective July 10, 1963. It amended Section 323.29(1) so as to give the Commission jurisdiction and control over persons operating motor vehicles in transportation of property for compensation, in the formerly exempted eastern area of Duval County. However, under the amendment vehicular transportation of persons in the area involved remained exempt from the jurisdiction of the Commission.
Shortly after the effective date of Chapter 63-556 the interveners filed with the Commission applications for certificates of public convenience and necessity to transport household goods over irregular routes in Duval County. Following these applications the interveners each also filed an application for temporary authority to transport such goods between all points in Duval County pending action of the Commission on the applications for certificates of convenience and necessity.
Notice of the applications for temporary authority was given to all interested parties, including the petitioners. The petitioners immediately filed protests in opposition to the issuance of the temporary operating authority, moved to dismiss the applications and asked for hearing.
The Commission, without acting on petitioners’ objections and without a hearing, advised the interveners by letter signed by its executive secretary that they were given the temporary authority to operate in the formerly exempt area of Duval County. Subsequently the Commission entered for *557 mal orders, nunc pro tunc, confirming the letter of authority previously issued. It is these orders which petitioners ask that we review and quash.
Petitioners contend that the questioned orders are invalid for three reasons.
First, they argue that the Commission failed to follow its own rules in issuing said orders.
Second, they contend that the affidavits attached to the applications for temporary authority, which affidavits were the only evidence before the Commission, fail to show and to support á finding that an immediate and urgent transportation need existed in the area involved or that delay necessary for a hearing would have caused manifest injustice to the applicants. The findings above mentioned are required by the Commission’s Rules 310-5.29(1) (a) (1) and 1(a) (3).
Third, they contend that Chapter 63-556 is unconstitutional for two reasons. First, petitioners reason that the statute deprives those formerly doing business in the exempt area of property without due process of law in that they are prohibited from continuing to operate in that area without obtaining authority from the Commission. They argue that the statute should have contained a grandfather clause to protect the interveners. Secondly, they say the statute is invalid because it is discriminatory in that it subjects to regulation carriers of property in the area while leaving carriers of persons exempt therefrom.
We will first consider the assault on the constitutionality of Chapter 63-556, supra.
Petitioners raised this question in their initial brief, but did not fully discuss it. Nor did their brief show how the statute affected their rights since they already had authority to operate between all points in Florida. The other parties gave scant attention to the questioned validity of the statute.
For this reason we requested the parties to file additional briefs limited to the constitutionality of the statute and the parties graciously complied.
In its additional brief the respondent-Commission, with refreshing candor, concedes that petitioners’ attack on the constitutionality of the last sentence of Chapter 63-556, supra, which also appears as the last sentence of the first paragraph of F.S. Section 323.29(1) F.S.A.1963, has merit. However, the Commission questions the standing of the petitioners to raise the constitutionality of the statute since the petitioners do not show that their rights to operate in the area are in anywise affected by the statute.
The Commission’s position is well taken. The petitioners have not shown, nor attempted to show that their right to operate in the so-called exempt area, or elsewhere, is affected by the statute. It is basic that the constitutionality of a statute may be challenged only by one whose rights are, or will be, adversely affected by it. See cases cited in 6 Fla.Jur., Constitutional Law, § 60. It is the rights of the interveners which are affected by the statute, but they have not attacked it. Rather they have sought to comply with its requirements.
Even if petitioners were able to demonstrate standing sufficient to warrant our considering the validity of the statute and if we were to find the statute unconstitutional it would not benefit petitioners. If Chapter 63-556 was held unconstitutional then the provisions of Section 329.29(1) as it previously existed would stand unchanged and the interveners could continue their operations as before without control by the Commission.
The Commission’s rule applicable to the proceedings here involved, Rule 310— 5.29, provides that application for temporary operating authority will be considered by the Commission only after: (1) formal ' application for certificate of public convenience and necessity has been made; (2) written application for temporary au *558 thority is filed; and (3) showing is made to the Commission by affidavit or sworn testimony of persons other than the applicant that an immediate and urgent transportation need exists.
Subsection (a) (1) (3) of Rule 310-S.29 further provides that any person having a real interest in the proceeding may file written protest and request hearing thereon. Further, if hearing is requested the rule provides that no action will be taken on the temporary authority application until protests are heard “unless the commission finds that such delay would cause manifest injustice.”
As noted above the petitioners filed written objections and requested a hearing thereon. Nevertheless, the Commission without granting petitioners a hearing granted the interveners temporary authority to operate in the formerly exempt area.
The petitioners complain that they were not given a hearing on their protests; that the affidavits filed with the application for temporary authority do not show an immediate and urgent transportation need or support a finding that delay which would occur by giving petitioners a hearing on their protests would “cause manifest injustice;” and that the Commission’s orders do not find that there is an immediate and urgent transportation need in the involved area, but rather the temporary authority was granted because the Commission found that to do otherwise would cause the applicants to suffer substantial financial losses.
There is merit to petitioners’ complaint that the affidavits do not support the essential finding of immediate and urgent transportation need in the subject area. But there is a more fundamental defect in these proceedings and in the Commission rule which requires that we quash the orders granting the temporary authority.
In State ex rel. Seaboard Air Line R. Co. v. King, 93 So.2d 368 (Fla.1957), this Court approved tire issuance of temporary operating authority but specifically required that notice and opportunity to be heard be given to interested parties.
In the case of Southern Armored Service, Inc. v. Mason et al., Fla., 167 So.2d 848, opinion filed June 17, 1964, we followed the King case in holding that the Commission had the power to grant temporary operating authority but that such authority could not be issued without giving interested parties notice and an opportunity to be heard.
In the instant case the petitioners, whose position as interested parties is not disputed, were given notice of the application, but were given no opportunity to be heard although hearing was requested. Notice without opportunity to be heard is only half a loaf and at most is only half of due process.
In State v. King, supra, this Court held that the Commission had the authority to adopt a rule almost identical to the one involved in this case, but it did not approve that portion of the rule which provides that the Commission can issue temporary authority without hearing of protests where “the commission finds that such delay would cause manifest injustice.” The Commission does not have the authority to issue such authority without hearing protests, where hearing is requested. The quoted portion of the rule is invalid.
As we understand the facts of this case, as found in the briefs and record, no effort, by injunction or otherwise, was made to cause the interveners to cease operating in the area involved. Therefore, the question of whether the interveners could continue to operate during the interim between the filing of their applications for temporary authority and a hearing thereon is not involved in this case. It apparently was involved in State v. King, supra, for this Court said, 93 So.2d at page 370: “It seems to us sensible to permit continuance of the operation, and preserve the status quo, while a re-examination of the case could be made. The alternative would have been to stop the carrier from operating while the *559 action pended.” By this statement this Court seems to have authorized the Commission, in a situation not unlike this one, to permit a carrier who had been lawfully operating to continue to operate pending action on an application for temporary authority.
This opinion therefore is not to he taken to hold that the interveners must cease operation during the period, which should be minimal, necessary for the Commission to have a proper hearing on the applications for temporary authority.
For the reasons above expressed the petition for writ of certiorari is granted, the writ is issued, the subject orders of the Commission are quashed, and the cause remanded for further proceedings.
It is so ordered.
DREW, C. J., and ROBERTS, THORN-AL and ERVIN, JJ., concur.