### Application of THOMPSON.
No. 7064-CCT.

Florida Public Service Commission.
July 21, 1965.

Martin Sack, Jacksonville, for applicant.

Richard B. Austin and O. C. Beakes, both of Jacksonville, for Acme Moving & Storage Co. of Jacksonville, Elder Moving & Storage Co., Suddath Moving & Storage Co., Rapid Moving & Storage Co., Kennelly Moving & Storage Co. and Allison Transfer Co., protestants.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO participated in the disposition of this matter.

## BY THE COMMISSION.

Pursuant to statutory notice the commission by its duly designated chief examiner, William L. Weeks, held public hearings on five applications, one of which was the above styled docket, on December 2, 1963, and December 1-5, 1964, in the State Office Bldg. in Jacksonville.

The entire record herein, including the exhibits and testimony adduced at the public hearing, have all been examined by the full commission. After due consideration, the commission now enters its order in this cause.

By this application, the applicant sought authority to transport household goods throughout Duval County with equipment domiciled at Jacksonville. This application was made as a result of chapter 63-556, Laws of Florida, which repealed two laws which had prior to July 10, 1963, exempted the eastern half of Duval County from this commission's jurisdiction.

The applicant was granted temporary authority by this commission in orders nos. 5907 and 5930. However, said authority was held invalid for procedural reasons in Acme Moving and Storage, et al, v. Mason, et al, 167 So.2d 555 (Fla. 1964), although the Supreme Court decision did permit the applicant to temporarily continue to operate.

In addition to the public in Duval County having the applicant's services available for many years in the previously exempt area, we have a situation similar to that considered by the Supreme Court in Ace Delivery Service, Inc., v. King, et al, 147 So.2d 517 (Fla. 1962). In this decision the Supreme Court indicated its decision had been influenced by the petitioner therein having been permitted to operate with the sanction of the commission for several years. By the same token we must consider the "equities involved" in the subject application.

Also it should be noted that the situation is not unlike that of Miami and its surrounding municipalities and suburban areas.

The commission resolved the service difficulties and enforcement problem at Miami by granting household goods certificates to existing local cartage companies with a restriction limiting their geographical scope to the so-called metropolitan or urbanized area involved.

There is no question that the applicant is qualified in all respects to provide the proposed transportation since it has been providing such transportation within the previously exempt area, and the applicant has continued to provide it with the approval of this commission and the Supreme Court, i.e., the Acme case, supra.

Uncontroverted statistical data showing the increased growth of Duval County was presented. This evidence need not be detailed here as it merely substantiates the indisputable fact that Duval County has had substantial growth in both population and industry. Further, the testimony and evidence adduced by and on behalf of the applicant clearly shows that in Duval County there is a considerable turnover in population which requires the services of household goods carriers and that such turnover is accentuated by the fact that several large naval installations are located in Duval County, which undergo constant changes in personnel.

Each protestant, except Rapid Moving & Storage, presented evidence generally pertaining to its authority, operations, facilities and equipment. Each protestant has statewide authority to transport household goods, domiciling at Jacksonville, and each claimed the grant of the application would adversely affect it.

From the foregoing findings of fact, conclusions of law, and on the entire record in this docket, the commission concludes that the applicant has shown public convenience and necessity require the grant of the application; and, that the grant of the application will not adversely affect the transportation facilities and transportation as a whole within the territory involved.

It is therefore, ordered that the amended application of Harold J. Thompson, d/b/a Thompson's Movers, 1531 Main Street, Jacksonville, be and the same is hereby granted, authorizing the transportation as a common carrier of household goods, as defined by the commission, over irregular routes, between all points and places in Duval County, with motor vehicle equipment domiciled in Jacksonville only.

It is further ordered that certificate of public convenience and necessity no. 888 be issued to the applicant herein upon compliance with this commission's rules and regulations pertaining to insurance, tariffs, registration of equipment and road tax.

It is further ordered that protestant's motion to dismiss be and the same is hereby denied.

This order is not final until the expiration of 15 days from the date hereof. If a petition for reconsideration is filed within such time, this order shall not be effective until such petition is disposed of by a further order.