BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Public Service Commission, respondent herein.
Petitioner applied to the respondent seeking limited common carrier authority to transport road building and construction aggregates within all points in Florida East of the Jefferson County line. Respondent, by its order rendered on January 14, 1971, after making certain findings of fact and conclusions, granted petitioner’s application and under Certificate No. 1053, petitioner was authorized to transport road building and construction aggregates in only four counties, to-wit: Alachua, Bradford, Clay and Putnam Counties. This petition seeks review of the order of the respondent limiting the authority granted by the respondent only to those four counties set forth therein.
At the hearing on petitioner’s application, four manufacturers of products using sand and stone, one road building contractor and one sand mine operator, all testified that, while the service was satisfactory when they could get trucks, very frequently there were no vehicles available when needed, resulting in harmful delays. The protestants, on the other hand, testified that they have ample equipment and are ready, willing and able to serve all the needs in the area.
*650 The hearing examiner rendered an order recommending that the application he granted and that applicant be authorized to serve the area East of the Jefferson County line and North of State Road SO. The Commission, however, limited the applicant to serving the four counties, Alachua, Bradford, Clay and Putnam. The Commission also refused to consider the evidence relating to movements of petitioner’s trucks made under buy-and-sell operations and leasing on the grounds that these operations were in violation of the rule set out in Southern Armored Service, Inc. v. Mason, 167 So.2d 848 (Fla.1965).
The record shows petitioner had operated without permits and contrary to law for many years. The Commission properly denied credit to petitioner for such illegal activity. A careful examination of the record fails to show conflict with essential requirements of law.
Accordingly, petition for writ of certiora-ri is denied.
It is so ordered.
ROBERTS, C. J., and McCAIN, J., concur.
CARLTON, J., concurs specially with Opinion.
ADKINS, J., dissents with Opinion.
ERVIN and DEKLE, JJ., dissent and agree with ADKINS, J.