## Application of A-1 BUS LINES, Inc.
Docket No. 71624-CCB.  Order No. 10244.

Florida Public Service Commission.

August 4, 1972.

John P. Bond, Coral Gables, for the applicant.

Phillip Schiff, Miami, for American Sightseeing Tours, Inc., protestant.

James L. Armstrong, Miami, for Gray Line Sightseeing Tours, Inc., protestant.

John H. Wilbur, Jacksonville, for Greyhound Lines, Inc., protestant.

Chairman WILLIAM H. BEVIS and Commissioners WILLIAM T. MAYO and JESS YARBOROUGH participated in the disposition of this matter.

BY THE COMMISSION.

By this application A-1 Bus Lines, Inc. (applicant) seeks extension of its certificate no. 974 so as to authorize the transportation of passengers in a sightseeing service from points in Dade and Broward counties to Walt Disney World Theme Park, on regular routes and schedules. Routes and pick-up points as amended at the hearing are delineated in the first ordering paragraph below.

A-1 Bus Lines, Inc. presently operates sightseeing tours from Dade and Broward counties to the attraction known as Pirates World and herein seeks to extend that sightseeing authority to provide a one-day tour to Disney World daily, Monday through Friday. The proposed service will be similar to the Pirates World tour in that many of the patrons for the tour will be guests of the hotels and motels along the coast in Dade and Broward counties. Reservations will be accepted and the tour bus will stop at designated and approved bus stops on Miami Beach and at hotels and motels which have off-street parking and permit the bus to drive in to pick up passengers. When unreserved seats are available, passengers will be picked up at any of the designated stops.

In conducting this operation, applicant proposes to have a guide meet the bus upon its arrival at Disney World and conduct the passengers through the attraction returning with them to the bus at the conclusion of their stay to drive the bus back to point of origin. The driver who drives the bus to Disney World is off duty the rest of the day and will provide the guide service for the passengers arriving the following day. Applicant has provided charter service for tour groups to Disney World and is fully qualified to provide the proposed service.

Eight public witnesses comprising hotel superintendents of service, tour agents and a retired individual supported the application. Hotel superintendents of service all described the increasing demand for transportation and the numerous requests they receive from their hotel guests for one-day tours to Disney World. Many of these hotels have off-street ramps where the buses will be allowed to stop to pick up passengers. Having the bus stop at the hotel to pick up guests is a great convenience and highly favored by their guests. Other hotels are in the vicinity of the proposed stops which will facilitate their guests utilizing the transportation proposed. The only one-day tour to Disney World these witnesses were familiar with, other than that operated by Greyhound Lines, Inc., Greyhound Lines-East Division (Greyhound), was one operated by a tour agency which charters a bus two days per week. This agency

provides a guide to accompany the tour patrons through Disney World. They pick up passengers from hotel parking areas and return the guests to the hotels. All of the witnesses whose guests have used this tour averred to the compliments their guests had given the one-day tour-with-guide. A tour that keeps the guests away overnight is less favored by the hotel operators than is the one-day tour, as the guest usually will check out of the hotel if he is not returning that night. Many of the guests at these resort hotels either do not come by car or prefer not to take their car to Disney World because of the well publicized traffic congestion. Accordingly, a greater demand is created for bus transportation and this demand is expected to increase during the summer months when more families vacation in the "Gold Coast" hotels.

One tour agent handles tour groups from Latin America and described a need for a one-day tour with a Spanish speaking guide for his clients. He was aware of no one offering such a service at the time of the hearing in this matter. The one-day tour offered by Greyhound is not wholly satisfactory as many of his clients do not speak English and Greyhound does not provide Spanish speaking guides or otherwise assist them. The other tour agent receives many requests for one-day tours to Disney World from hotel superintendents of service, local residents and hotel guests. A one-day tour picking up passengers in the vicinity of his agency office in Surfside, which is surrounded by many resort hotels, would improve his business and be used by guests at these hotels.

One supporting witness is retired and acts as entertainment chairman for his condominium. He arranges tours to various attractions for his condominium residents who generally do not like to drive distances as far as Disney World or face the traffic problems encountered there. When large groups can be assembled, they charter a bus but often have as few as eight desiring a tour. His group would like to have and would use a one-day sightseeing tour to Disney World on an individual ticket basis.

The demand for additional transportation to Disney World is exemplified by the numerous charter trips to Disney World. Applicant alone has taken approximately 50 such charter groups during the past three months. The protestants with many times the number of buses owned by applicant did not testify regarding their charter trips to Disney World. The fact that one travel agent has developed sufficient clientele to warrant it to offer a scheduled trip twice a week further demonstrates this need. The need is sufficient that several resort motels advertise and sell individual tickets for charter bus transportation to Disney World for the one-day tour direct from their motels. (Ex. 23, 24 and 25).

Protestants American Sightseeing Tours, Inc. (American) and Greyhound generally presented evidence of their authority, equipment and operations. Gray Line Sightseeing Tours, Inc. (Gray Line) presented no evidence, therefore, its protest is without weight. Greyhound serves Disney World, among other places, through regular route and scheduled service and daily special operations buses, neither of which the commission has found to be sightseeing as proposed by applicant. (Order nos. 7605, 7605-A, 7626, and 7624.) American provides sightseeing tours to Disney World pursuant to temporary authority granted by order no. 9685 and has subsequently been made permanent by order no. 10021. Therefore, the only possible protestant would be American. On July 21, 1972, subsequent to the notice of the instant application for hearing, American initiated one-day tours to Disney World (Tr. 209) and holds itself out as ready, willing and able to serve all persons desiring transportation to Disney World. Official notice is taken that records of the commission show no tariff or schedule for American's one-day tour has been approved. Commission rules require approval before such service can be commenced. Accordingly, at the time A-1 Bus Lines filed this application there was no one-day sightseeing tour to Disney World and the evidence is clear there was a need for such service. Cf. Alterman Transport Lines v. Carter, 88 So.2d 594 (Fla., 1956).

Furthermore, the stops at which applicant proposes to pick up passengers are at different locations than those for which Gray Line has an application pending (granted by order no. 10001 in docket no. 71411-CCB on April 12, 1972), and American has submitted no pick-up points to the commission for approval (Tr. 210, 219). Therefore, granting this application will not result in buses vying for first arrival at pick-up points and thereby creating a safety hazard in high density traffic areas. American's failure to designate authorized pick-up points does not foreclose or preclude the commission from subsequently granting authority over the same routes. In other words, American cannot preempt an entire route by not designating pick-up and discharge points.

Subsequent to the hearing in this case, the commission instituted show cause order no. 9837 in docket no. 72003-CCB, a show cause order against A-1 Bus Lines for violations under certificates nos. 895 and 974. Without passing upon the propriety of the violations charged therein, the commission in recent decisions (see order no. 10198 in docket no. 70242-FH and Yellow Cab Company of Lakeland, Order no. 10108) has determined that evidence of prior illegal transportation will not be considered as a death blow in applications for authority whereas illegal transportation cannot be

the basis for public convenience and necessity. Cf. Southern Armored Car Service, Inc., v. Mason, 167 So.2d 848 (1964).

The show cause order referred to above alleges various violations, none of which involved one-day tours to Disney World, and none relate to the public need for such transportation. Accordingly, it cannot be contended that any operation involved in the show cause order substantiated public need for this application. Cf. Southern Armored Car Service, Inc. v. Mason, supra.

From the foregoing, the commission concludes that public convenience and necessity requires the grant of the application; and, the grant of that authority will not adversely affect the transportation facilities and transportation as a whole in the territory involved.

It is therefore ordered that the application of A-1 Bus Lines, Inc., 65 Northeast 27th Street, Miami, Florida 33137, for extension of its certificate no. 974 be and the same is hereby granted so as to authorize the transportation of passengers in a sightseeing service on regular routes and schedules, operating daily Monday through Friday, as follows —

Beginning at terminal located at 65 N. E. 27th Street in Miami, Florida, thence proceed west on 27th Street to Miami Avenue; north on Miami Avenue to 36th Street; east on 36th Street to the Julia Tuttle Causeway; east on the Julia Tuttle Causeway to Alton Road in Miami Beach; south on Alton to 16th Street; east on 16th Street to Washington Avenue; north on Washington Avenue to Lincoln Road; east on Lincoln Road to Collins Avenue; turning north on Collins Avenue and stop at bus stop on northeast corner of Collins Avenue and Lincoln Road. Thence north on Collins Avenue (SR A1A) with stops at 41st Street, 67th Street, 98th Street, 159th Street, 185th Street; north on A1A to Hallandale Beach Boulevard (SR 824A), stop at bus stop on northwest corner. Thence west on SR 824A to Highway I-95; north on I-95 to SR 84; west on SR 84 to the Sunshine State Parkway; north on the Sunshine State Parkway to U. S. 192; west on U. S. 192 to the intersection of U. S. 192 and the private road into Walt Disney World Company property. Upon completion of Disney World Theme Park tour return via same route dropping off passengers at points of origin.

It is further ordered that the above authority be held in abeyance pending the applicant complying with this commission's rules pertaining to common motor carriers of sightseeing passengers within

sixty days of the commission order, otherwise, the above grant of authority to be null and void.

By order of Chairman JESS YARBOROUGH, Commissioner WILLIAM T. MAYO and Commissioner WILLIAM H. BEVIS, as and constituting the Florida Public Service Commission, this 27th day of March, 1972.

*William B. DeMilly*
Administrative Secretary

( S E A L )