McCAIN, Justice.
This case is before the Court on a petition for writ of certiorari to review an order of the Public Service Commission filed November 20, 1973. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner’s application involved the removal of a vehicle restriction in the applicant’s statewide block and bagged cement Certificate No. 716 so as to permit the use of “tractor-semitrailers” for all purposes, i. e., the transport of concrete block and bagged cement.
The applicant is qualified to provide the proposed transportation, and was using the tractor-semitrailers on a daily basis at the time of the application, without regard to language contained in Commission Order No. 10572, which reads: “excluding the use of any tractor, semitrailer combinations.”
The applicant contended that he is authorized to use, and has used since some time in 1965-67, tractor-semitrailers while his authority read: “only straight trucks and flatbed trailers in connection therewith will be used.”
The Commission found that the applicant “has ‘stretched’ his authority to improperly use tractor-semitrailers.” Petitioner is contending before this Court that the Commission’s Order fails to accord with the essential requirements of the law in that there is no competent substantial evidence to support its findings.
Petitioner offered the testimony of a large concrete block producer, who used McTyre’s service (included in that service was the use of tractor-semitrailer transportation) primarily for a showing of the need for that type of service. A building contractor next testified to the need for tractor-semitrailer transportation of concrete blocks. He too stated that McTyre had provided the necessary tractor-semitrailer service in the past. Finally a small manufacturer of blocks testified that his company used McTyre’s services for the hauling of blocks on tractor-semitrailers.
Based upon this testimony, petitioner contends that there was substantial competent evidence to support a finding of public convenience and necessity.
The question is initially whether this evidence is admissible to show a public convenience and necessity. Under the more liberal federal rule, past operations which have been conducted under color of authority, openly and without subterfuge, have been considered competent evidence on the issue of public convenience and necessity. Crichton v. United States, 56 F. Supp. 876 (S.D.N.Y., 1944), aff’d., 323 U. S. 684, 65 S.Ct. 599, 89 L.Ed. 554 (1944).
However, under the Florida rule, color of authority is insufficient; actual authority is required. This Court specifically rejected the admission of evidence of past service as proof of public convenience and necessity where the applicant’s operation was conducted under an order of the commission which was issued in violation of the applicable statutes.
In Southern Armored Service, Inc. v. Mason, 167 So.2d 848 (1964), this Court stated:
“We are forced to the conclusion that Order No. 5397 was issued in violation of the applicable statutes, that the Commission did not have the authority to issue it under these circumstances, and therefore it was void when issued.
“In view of this conclusion we think it was error for the Commission to receive and consider as proof of public convenience and necessity evidence of Armored Express’ operation under Order No. 5397.” Id. at 850. (Emphasis supplied).
*3 The Court in Southern Armored went on to then consider other evidence presented which was not in some way related and entwined with the applicant’s operation under the void emergency order to see if that evidence was sufficient to establish a public convenience and necessity.
The history of this petitioner’s authority under which he has operated the business of transportation of concrete blocks and other concrete products has always contained the restrictive language: “[o]nly straight trucks, and flatbed trailers in connection therewith, will be used”.
In March 1973, the Commission stated in an order denying a petition for reconsideration that:
. . [T]he only way applicant can be policed and compelled to abide by the restriction contained in its certificate is to amend the ordering paragraph (c) to read: ‘Only in straight trucks and in flatbed trailers when said flatbed trailers are attached to and operated simultaneously with said straight trucks, excluding the use of any tractor, semitrailer combinations.’ ”
The three witnesses testifying for the applicant all related their need for tractor-semitrailer service based upon past service rendered by the petitioner. No independent unrelated testimony showing public convenience and necessity was presented. Therefore not only did petitioner fail to at least meet the more liberal federal requirement of color of authority but, to the contrary, all of the evidence proffered was so related and entwined with the illegal operation as to be inadmissible to establish a public convenience and necessity. Camp Lumber Co. v. Yarborough, 262 So.2d 649 (Fla.1972).
This Court is bound under the ruling in Southern Armored to consider other evidence not related or entwined with the illegal operation, however, in this case, no such evidence was presented and available for our consideration.
The applicant and the Commission did not have the benefit of this analysis at the time of the evidentiary hearing and the Commission’s ruling thereon; therefore, the’ Order of the Commission is quashed and the cause is remanded for the taking of further testimony and a resultant ruling by the Commission consistent with the views expressed herein.
It is so ordered.
ADKINS, C. J., and BOYD and DEKLE, JJ., concur.
OVERTON, J., concurs in part and dissents in part with opinion.