McCAIN, Justice.
This case is before us on a petition for writ of certiorari to review two orders of the Public Service Commission, Order No. 10770, dated June 11, 1973, and Order No. 10931, dated September 5, 1973. We have jurisdiction pursuant to Article V, Section 3(b) (3), Florida Constitution.
Petitioner filed an application with the Commission seeking extension of his operating authority as a motor common carrier under Certificate of Public Convenience and Necessity No. 1039.
The application sought a geographic extension to permit the transportation of concrete blocks and allied products between all points in Florida, an elimination of the numerical portion of a restriction which limited the transportation of bag cement to no more than 100 bags at one time in conjunction with concrete blocks, and removal of the restriction on the type of .equipment which could be used, i. e., the restriction on the use of tractor-semitrailers. The application was opposed by Commercial Carrier Corporation.
The hearing examiner recommended that the geographical extension be granted and that the limitation on the number of bags of cement be removed if the cement was transported in connection with the hauling of concrete blocks incidental to and as part of the same order. However, the examiner recommended maintaining an equipment restriction.
The Florida Public Service Commission, by Order No. 10770, granted the application to remove the numerical restriction on bags of cement when transported in conjunction with the hauling of concrete blocks on straight trucks but denied the balance of the application.
Petitioner contends that Order No. 10770 is illegal in that it fails to accord with the essential requirements of law. The Commission in response to this contention stated that it was the duty of the applicant, under Section 323.03, Florida Statutes, to show by positive evidence that the removal of the restriction was required by public convenience and necessity. We must agree with that statement of law.
In reviewing the evidence tendered during the evidentiary hearing, some of the evidence presented for the purpose of establishing a public convenience and necessity related to the hauling of concrete blocks and bag cement on tractor-semifrail-ers by the applicant under an agreement with one McTyre. This evidence was clearly inadmissible to show a public convenience and necessity under the ruling in McTyre v. Bevis, Fla., 300 So.2d 1 opinion dated July 31, 1974. However, unlike the facts in McTyre, petitioner in this case tendered other evidence “not related or entwined with the illegal operation”.
Under our earlier ruling in Southern Armored Service, Inc. v. Mason, 167 So.2d 848 (1964), this Court is bound to consider such other evidence to ascertain whether the applicant has shown the requi *15 site need for the removal of the restriction placed upon his certificate of public convenience and necessity.
The testimony in the record establishes that in the Orlando area there exists a general shortage of building materials because of a construction boom going on there. Concrete blocks are in short supply requiring the importation of blocks and related materials from other areas around the State. One witness testified that he had used service of the protestant Commercial Carrier for the transportation of cement but was dissatisfied. He further stated that he was unaware that Commercial had the authority to transport concrete blocks.
Another witness testified that he was starting a block manufacturing operation in the area and had a definite need for the service that the applicant could provide if the authority was granted.
Other evidence was presented establishing a general need for the proposed service yet none of the testimony established that service would be taken away from the protestant. Thus this evidence, excluding those portions relating to the association with McTyre, was substantial competent evidence, supported by logic and reason to establish a valid public convenience and necessity for the granting of the removal of the restrictions sought by the applicant-petitioner in this action.
Further, the hearing examiner in his “Findings of Fact and Conclusions”, states that the protestant “has not solicited the transportation of and does not handle any mixed shipments (of blocks and bag cement). It operates no automatic unloading equipment and does not have the specialized vehicles to really compete with applicant for transportation of concrete blocks to construction sites.”
The applicant adequately established by the testimony of his witnesses that there is a valid requirement for the use of tractor-semitrailers in the hauling of these products to job sites.
We find it difficult to rationalize the order of the Commission in the light of these statements and evidence in the record. It is quite clear that the hearing examiner correctly evaluated the evidence tendered when he recommended that the geographic extension be granted and that the limitation on the number of bags of cement be removed if the cement was transported in connection with the hauling of concrete blocks incidental to and as part of the same order. However we can find no rational basis for the determination that the vehicle restriction prohibiting the use of tractor-semitrailers be maintained.
Therefore based upon the authority of Blocker’s Transfer & Storage Co. v. Yarborough, 277 So.2d 9 (Fla.1973), the decision of the Public Service Commission is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
It is so ordered.
ADKINS, C. J., BOYD and DEKLE, JJ-, concur.
OVERTON, J., dissents with opinion.