**Application of SPECIAL TRANSPORTATION SERVICE, Inc.**
Docket No. 760211-CCB (AP).     Order No. 12976.
Florida Public Service Commission.

August 30, 1976.

Arthur T. Boone, Jacksonville, for the applicant.

The following commissioners participated in the disposition of this matter — WILLIAM T. MAYO, Chairman, and Commissioners WILLIAM H. BEVIS and PAULA F. HAWKINS.

4

## BY THE COMMISSION.

By this application, as clarified at the hearing, Special Transportation Service, Inc. seeks common carrier authority to provide non-emergency transportation of persons confined to wheel chairs who do not need medical assistance en route, between points in Duval County on the one hand, and all points in Florida on the other.

The applicant is the first business organization to specialize in the transportation of persons in wheel chairs in the city of Jacksonville. It has been providing this service for approximately three years. The applicant has four vans specially equipped to accommodate persons in wheel chairs, garage and office facilities in Jacksonville, and its president has had more than eight years of experience in the field of transportation. Thus, the applicant is fully capable of operating the authority sought.

Three witnesses were presented by the applicant in addition to its two operating officers. A city councilman of Jacksonville, who is familiar with the applicant and its operations, described the service offered and testified generally concerning the need for additional wheel chair transportation in Jacksonville. He did not arrange for or require such service himself. A representative from the Social and Economic Services Division of the state, who arranges wheel chair transportation for persons in nursing homes, testified concerning need, as did a representative from the Office of Vocational Rehabilitation of the state, who arranges such transportation for disabled persons needing medical and vocational evaluations, job placement, training and counseling. With the exception of transportation of persons in wheel chairs from Jacksonville to nursing homes in Fernandina Beach, all of these transportation requirements are within the city of Jacksonville.

The applicant has generally confined its operations to Jacksonville, where the city limits extend throughout substantially the entire county of Duval, although it has made occasional trips to Nassau County and to Lake City in Columbia County. Transportation within a municipality and its suburban territory had been considered exempt from regulation by the commission until the Florida Supreme Court decision in *Petroleum Carrier Corporation v. Silco Petroleum Carrier, Inc.*, 312 So. 2d 457 (Fla. App.), certiorari denied on March 1, 1976, in Case No. 47,833, rehearing denied on March 30, 1976. The operations of the applicant within the formerly exempt zone can be separated from the service it provides beyond; moreover, it is our judgment that the principle which prohibits consideration of "illegal operations" when determining whether an applicant has met the test of providing public convenience and necessity [*Southern Armored Service, Inc. v.*

*Mason,* 167 So. 2d 848 (Fla. 1964)] is not strictly applicable under circumstances in which the applicant, and indeed the commission reasonably believed that such prior operations were lawful. However, the transportation that the applicant is providing outside Jacksonville and its suburban territory without authority cannot be used as a basis for a finding of public convenience and necessity, and is available from the protestant.

The protestant, Medi-Car North, Inc. was issued Certificate No. 1234 on June 3, 1976, authorizing it to provide wheel chair transportation in the territory involved in this application. At the time of public hearing in this docket, it had only begun a solicitation program in the area. Consequently, it was not able to refute the applicant's showing of public convenience and necessity, or demonstrate that a grant of authority to the applicant would have any adverse effect upon it.

We, therefore, conclude that public convenience and necessity require that the application of Special Transportation Service, Inc. be granted. However, for the reasons stated above, such authority must be limited to transportation within Jacksonville and its surrounding suburban territory.

Accordingly, it is ordered that the application of Special Transportation Service, Inc., 10617 New Kings Road, Jacksonville, Florida 32219, for a common motor carrier certificate be and the same is hereby granted to the extent described herein and that Certificate of Public Convenience and Necessity No. 1242 is hereby issued authorizing the transportation of persons confined to wheel chairs who do not need nor will expect to need any medical assistance en route between all points in the city of Jacksonville and its suburban territory.

It is further ordered that the application in all other respects be denied.

It is further ordered that the above authority shall become effective upon the effective date of this order.