GRAESSLE, Circuit Judge.
This case is here upon a Petition for Certiorari directed to the Florida Public *731 Service Commission (Commission). Petitioner seeks a review by this Court of an Order and Amended Order entered by the Commission which granted an amended application of Van Gorp Van Service, Inc. (Applicant) for a certificate of public convenience and necessity authorizing the transportation in common carriage of thoroughbred race horses, and, in connection therewith, personal effects of attendants, and supplies and equipment (including mascots) used in the care of such animals, from, to and between all points and places in the State of Florida over irregular routes.
In its Petition for Certiorari, Petitioner presents four points, three of which involve some element of public convenience and necessity and the remaining point involving the admissibility and weight of certain testimony.
From an analysis of the record in this case, it appears that there are numerous thoroughbred farms located in the Ocala-Marion County area and numerous such farms in other parts of the State. There are several thoroughbred race tracks in Florida, but there are not sufficient facilities to quarter all of the horses during parts of the racing season, and, therefore, the horses must be transported to and from the race track each day. The number of such farms has been increasing and is expected to increase. The transportation of the thoroughbred horses in Florida falls into three categories, to wit: between breeding farms; between race tracks; and between breeding farms and race tracks.
The record shows that the applicant is well qualified to render the proposed service and holds extensive interstate authority and some intrastate authority in other states authorizing the same transportation sought here to be rendered. Public witnesses consisting of owners or trainers supported the application and testified to the excellent service rendered elsewhere by the applicant and if any other service were available they would use it rather than protestant’s.
The application was protested by several protestants whose services applicant’s witnesses testified to as being as good as the protestants could render and that some of protestants’ equipment was old and not up to the standards of the applicant’s equipment. Although there was no complaint regarding the promptness of the existing services, the evidence shows that promptness is but one factor to be considered in the shipment of these valuable thoroughbred race horses, with such other factors being the condition and type of equipment and prior experience of the drivers in hauling this live commodity.
As stated above, three of Petitioner’s points involve public convenience and necessity, to wit: is there substantial competent evidence showing public convenience and necessity; substantial, competent evidence that protestants were meeting a need; and was there substantial competent evidence that the grant of the application would not have an adverse effect upon existing facilities. This Court in De Groot v. Sheffield, 95 So.2d 912, 916, Fla. 1957, pronounced the standard of substantial competent evidence which will support orders of the Commission. See also Florida Rate Conference v. FPUC, 108 So.2d 601, Fla. 1959. We find no departure from the standards of the essential requirement of law with respect to applicant’s proof of public convenience and necessity and ability or inability to meet the existing need. This Court in Fleet Transport Company of Florida v. Mason, 188 So.2d 294, discussed the possibility of adverse effect upon existing facilities and we can find no departure from the essential requirements of law when measured by the standards we expressed in that case.
The only remaining point raised by Petitioner was the admissibility and weight of certain testimony. The involved testimony was that given by owners and trainers who are directly concerned with the care, treatment and transportation of the valuable animals involved. It appears *732 that the involyed transportation is arranged and paid for by others, but in view of Section 120.27, Florida Statutes, F.S.A., and as pointed out by the Commission, there is no valid reason why this evidence in this case should not be admissible and given the weight that it was given by the Commission.
For the foregoing reasons, the Petition for Writ of Certiorari is denied.
It is so ordered.
CALDWELL, C. J., and DREW, THORNAL, and ERVIN, JJ., concur.