ROBERTS, Justice.
We here review by certiorari action of the Florida Public Service Commission, hereinafter called the “Commission”, evidenced in their Docket File No. 8505-CCT wherein the Commission on its own motion to show cause by Order No. 7212, dated April 29, 1966, instituted an investigation of alleged illegal activities and operations of Turf Express, Inc. and Florida Horse Transport, Inc., holders respectively of mo *426 tor carrier certificates of public convenience and necessity Nos. L-62 and 471. Petitioner, Van Gorp Van Services, Inc., is the holder of a competing motor carrier authority certificate No. 936 issued by the Commission and tentatively approved by this court in Turf Express, Inc. v. Mason, Fla., 204 So.2d 730. Petitioner, as an interested party, was permitted to intervene by the Commission. The matter then proceeded through public hearings before the Commission in which petitioner participated, and thereafter the Commission entered its Order No. 7512 dismissing its investigation. Petitioner, Van Gorp, then timely filed with the Commission a petition for reconsideration of Order 7512 setting forth exceptions to the content of the order. Petitioner requested oral argument in support of its petition for reconsideration and exceptions. Thereafter, the Commission, without allowing petitioner to present further oral argument, denied the petition for reconsideration, as announced in its Order No. 7566.
The same petitioner, Van Gorp, in our case No. 36,518 brings for review by certiorari the action of the Commission in their Docket No. 8646-CCT as evidenced in their Orders Nos. 7511 and 7567. In this case Turf Express, Inc. and B & G Horse Transportation, Inc. sought Commission approval of the transfer of a certificate of public convenience and necessity from Turf Express, Inc. to B & G Horse Transportation, Inc. Petitioner, Van Gorp, a competing motor carrier, protested the transfer and participated as a full party. Following the hearing, the Commission issued its Order No. 7511 in which the proposed transfer was approved. Petitioner timely filed a petition for reconsideration directed to said order and requested oral argument in support of it.
The two foregoing cases were consolidated for argument, consideration and final disposition.
The attack made here on the action of the Commission is that the main orders do not include a concise statement of the issues, findings of fact set forth separately, conclusions of law, and the effective dates of the orders, and that the orders denying reconsideration in both matters are improper because petitioner says it “has been denied due process of law pursuant to the Administrative Procedure Act, Section 120.26, F.S.A.”
In support of the first attack petitioner relies on Commission Rule No. 310-2.992, which provides as follows:—
“FORMAL ORDERS. — All formal orders issued by the commission after hearing shall include the following:
“1. The docket number and title of proceeding.
“2. The time and place of the hearing.
“3. The appearances entered at the hearing:
“4. A concise statement of the issues, or of the relief sought.
“5. Findings of fact set forth separately.
“6. Conclusions of law.
“7. The ultimate determination of the issues and the requirements of the commission based on the stated findings of fact and conclusions of law.
“8. The effective date of the order.”
It is noteworthy that the above rule is the action of the Commission for the internal control of its affairs and is not one of the rights guaranteed under Chapter 120, Florida Statutes, F.S.A., commonly referred to as the Administrative Procedure Act. The Commission made the order and the Commission could repeal it at will. It does not affect the jurisdiction of the Commission in anyway and the same power which the Commission possesses to make the rule in the first place, gives it the power in its discretion to waive its operation. It was *427 therefore not error for the Commission, in its discretion, to waive application of the rule, although we comment that the rule appears to be one that would assist the Commission in the continuity of its own affairs and would likewise assist this court when their action is brought here for review in subsequent cases.
The second question is not as simple. Section 120.26, Florida Statutes, F.S.A., being a portion of the Administrative Procedure Act, provides:—
“120.26 Procedure for due process.— The agency shall afford all parties authorized by law to participate in an agency proceeding the right,
“(1) To present his case or defense by oral and documentary evidence,
“(2) To submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts,
“(3) To submit for the consideration of the hearing examiner, member of the agency, or the agency if it receives the evidence, proposed findings and conclusions and supporting reasons therefor.
“ (4) To submit exceptions to the order of the agency or to a recommended order, if one is'made, and make oral arguments in support of any such exceptions,
“(5) To make offers of settlement or proposals of adjustment,
“(6) To be accompanied, represented, and advised by counsel or to represent himself, and
“(7) To be promptly notified of the denial in whole or in part of any written application, petition or other request, and of any other agency action affecting substantive or procedural rights taken in connection with any agency proceeding.” (Italics supplied.)
Petitioner relies on subsection (4), supra, as a guarantee of its right to make oral argument in support of its motions for reconsideration. It is our opinion and we hold that the papers styled a motion for reconsideration in both cases are actually exceptions within the purview of the subsection just above mentioned, and that Section 120.26(4), Florida Statutes, F.S.A., gave a vested statutory right to petitioner to submit oral argument in support of its exceptions. The Public Service Commission is an agency under and subject to control of Chapter 120, Florida Statutes, F.S.A.
Accordingly, the orders under review are quashed and the cause remanded to the Commission with directions that it hear oral argument for a period of time to be fixed by it, and after hearing such argument appropriate action by the Commission be taken.
It is so ordered.
CALDWELL, C. J., THOMAS and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.