ERVIN, Justice.
This is a certiorari review of an order of the Florida Public Service Commission denying a hearing to Petitioners, who desired to be heard in protest to the granting of a certificate of public convenience and necessity to Krogel Air Freight Service, Inc.
Petitioners, City Cab Company of Orlando, Inc., and Yellow Cab Company of Orlando, Inc., are two taxicab companies operating in Orlando, Orange County, Florida. They allege they are holders of for hire permits issued by the Respondents authorizing the transportation of passengers through taxicab service from, to, and between the City of Orlando and its suburban territory, including Herndon Airport and McCoy Jetport, Orange County, Florida. These airports serve commercial and private aircraft transportation for Orlando and the outlying central Florida vicinity. The Petitioners allege that for many years they have transported passengers to and from the said Orlando airports in both five-passenger taxicabs and nine-passenger “stretch-outs” and that they have the authority to transport any passengers from the airports to any point in Florida. They further allege they have always operated under licenses from the City of Orlando and under control of the City ordinance controlling taxicab companies; that taxicab rates are controlled by the City; that Petitioners offer flat rates from McCoy Jetport to anywhere in Orlando, Winter Park and Maitland, Florida, as well as to all nearby cities such as Kissimmee, Winter Garden and Sanford; that they have a complete service with the passenger having a choice of a private meter cab or a flat rate group ride, on a twenty-four hour basis; that because the airlines serving Orlando airports for years insisted Petitioners offer a flat rate this has been provided at considerable economic loss, but now the volume of transportation has increased to a point where it is profitable and it would be unfair to give the rights of transportation to someone else.
Krogel Air Freight Service, Inc., applied to the Commission for a common carrier certificate of public convenience and necessity to transport passengers by an “on call” service between points and places in Seminole, Osceola and Orange counties and McCoy Jetport, with all movement originating or terminating at the Jetport, using limousines with twelve-passenger capacity. A hearing on Krogel’s application was Held by the Commission on November 10, 1966 without notice to Petitioners, who contend they were entitled to notice under F.S. Section 323.03(2), F.S.A. On November 23, 1966 Petitioners filed an extraordinary petition for reconsideration and requested reopening of the hearing so they could be heard.
On November 23, 1966 the hearing examiner issued a recommended order that the authority sought by Krogel be granted. Temporary authority was given Krogel by the Secretary of the Commission on January 10, 1967.
On February 3, 1967 Petitioners again in an extraordinary petition asked the Commission for a hearing in the matter. Kro-gel moved to dismiss Petitioners’ extraordinary petitions. On hearing of the motion the Commission held that for hire permit holders (Petitioners) were not entitled to a hearing on a common carrier application. The Commission thereupon granted the authority sought by Krogel. A petition for reconsideration was filed by Petitioners which was denied by the Commission.
The issues raised by Petitioners in their request for review here may be summarized as follows:
1. Was it error for Petitioners not to be notified of the hearing on Krogel’s application for a certificate of public convenience and necessity pursuant to F.S. Section 323.03(2), F.S.A.?
*638 2. Did the Commission take into consideration the effect granting of Krogel's certificate would have upon transportation facilities operating within the territory covered by Krogel’s certificate? F.S. Section 323.03(3), F.S.A.
3. Did the Commission err in failing to consider whether present transportation facilities available were adequate to provide the necessary transportation service in the territory?
There are numerous provisions in the controlling statutes which reflect that Petitioners, as for hire taxicab permittees, are motor carriers. See, particularly, F.S. Sections 323.01(7) (c), 323.01(9), and 323.-05, F.S.A.
When application is made for a certificate of public convenience and necessity to operate as a common carrier, as Krogel made in this case, it is necessary that notice of the hearing to he held by the Commission on the application be given to affected motor carriers. F.S. Section 323.-03(2), F.S.A., provides in part:
“* * * no application shall be granted or certificate of convenience and necessity issued without a hearing by the public service commission. Notice of such hearing shall be given to the applicant and to all motor carriers serving any part of the route proposed to be served by the applicant * * * Such notice shall contain a brief summary of .the subject matter of the application, the type of service proposed, the territory to be served and any other pertinent facts in connection therewith, and shall be mailed at least fifteen days prior to the date assigned for hearing of such application * * *” (Emphasis added.)
The Commission contends it was not necessary that Petitioners be notified because it says taxicab for hire permittees are not in the class of those motor carriers which the statute quoted above, when read in connection with other statutory provisions, requires to be notified. In support of its contention the Commission points out a for hire taxicab operation does not require a certificate of public convenience and necessity as a prerequisite to operation ; but that a for hire permit issues to a taxicab concern as of right and is renewable annually on payment of a $25 license tax for the operation of taxicabs wholly within the limits of a city and the suburban territory immediately adjacent. (Suburban territory of cities is described and defined in F.S. Section 323.01(12), F.S.A.) The Commission also points out that for hire taxicab permittees are restricted to transportation of persons and property in single, casual and nonrecurring trips in motor vehicles limited to “passenger-carrying capacity” of nine, including the driver. Consequently, it reasons, there is no logical or legal basis for considering existing taxicab operations in affected territory when a common carrier certificate is applied for contemplating transportation in such territory of more than nine passengers per motor vehicle over irregular routes with “on-call service,” as does Krogel’s application, because the nature of taxicab service, practically and within the contemplation of law, is essentially different from common carrier transportation. The Commission contends a taxicab driver is under no duty under a for hire permit to take a passenger to any point in the state and it lies within the cab driver’s discretion to refuse to take a person to the point he requests; but in the case of a common carrier such as Kro-gel, it must transport its passengers in accordance with the terms of its certificate.
The Commission, in further support of its position that for hire permit holders within the territory involved are not entitled to notice of a hearing on a common carrier application, relies upon a recent precedent it set in Order No. 7283, Docket No. 8263-CCB, involving similar motor carrier passenger service to and from the public airport in Lee County, Florida. In its order No. 7283 the Commission said:
“However, a for hire permit issued as a ‘matter of right and of course’ is not *639 ‘transportation as a whole’ as contemplated by Section 323.03(3), Florida Statutes [F.S.A.], where such law states that a certificate may be granted ‘only when the existing certificate * * * holders serving such territory fail to provide service.’ * * * Further, these putative protestants merely have authority to go occasionally to the airport and not from the airport as they are and have been doing.”
The Commission also contends that its records reveal that Petitioners hold for hire permits (taxicab operators’ master permits) issued by the Commission authorizing occasional, unsolicited trips only to transport passengers “for hire” on the highways of this state from 207 W. Gore Street, Orlando, Florida; that the Commission’s records indicate that McCoy Jetport is physically located 4(4 air miles and 5(4 highway miles from the city limits of the City of Orlando, and that such records disclose Petitioners hold no operating authority to operate from any area beyond the four-mile exempt zone surrounding the city limits of the City of Orlando.
We are unable to say whether or not the factual contentions advanced by the Commission are correct in the absence of a comprehensive hearing being afforded Petitioners to refute if they can such contentions by countervailing evidence. However, we do note that F.S. Section 323.03(3) (a), F.S.A., provides in part:
“* * * At or after such hearing the commission may issue a certificate of public convenience and necessity, as prayed for or refuse to issue the same, or may issue the same with modifications, or upon such terms and conditions as in its judgment the public convenience and necessity may require; provided, that the commission in granting any such certificate shall take into consideration the effect that the granting of such certificate may have upon transportation facilities within the territory sought to be served by said applicant, and also the effect upon transportation as a whole within said territory.”
Contrary to the Commission’s interpretation of Section 323.03(3) in its order No. 7283, we find nothing in the statute indicating that in its consideration of applications such as Krogel’s the Commission need not consider existing for hire taxicab transportation in the affected territory and for that reason refuse to allow taxicab operators to be heard. There is nothing in Section 323.03, when read in connection with the notice provision (F.S. Section 323.03(2), F.S.A.), which clearly obviates the necessity of the Commission giving notice of a hearing on an application for a common carrier certificate to for hire taxicab operators who have previously been providing passenger transportation service in the territory sought to be served by the applicant.
We cannot overlook the fact that the Petitioners, as taxicab motor carriers, allege that for a long time they have been furnishing taxicab service, including a type of “stretch-out” or limousine service, to and from the Orlando airports. Apparently, prior to Krogel, Petitioners’ airport passenger motor carrier service was free of competition from common carrier motor transportation. It may be, as was argued before us by Respondents, that McCoy Jetport lies outside the suburban territory of the City of Orlando. It may also be, as was argued, that only recently the two Petitioners have obtained for hire permits from the Commission with the limitations thereon appearing in the Commission’s records. On the other hand, it may be that under City of Orlando ordinances, when considered in connection with the for hire permits issued to them by the Commission (see F.S. Section 323.05(3), F.S.A.), the two taxicab companies are entitled to do what they allege they have been doing for a long time, viz., transport passengers to and from the municipally owned or operated McCoy Jetport as one of the city facilities to which taxicab service is permitted —irrespective of the limits of the City’s *640 suburban territory prescribed in F.S. Section 323.01, F.S.A. — a privilege which Petitioners may have so long been permitted to exercise that it has become vested. In any event, there appear to be unanswered fac-ual questions in this record which we think require determination in a proper hearing on the application.
Aside from the speculations in the foregoing paragraph which we made because the record is not entirely clear on the points mentioned, we hold: (1) that, at least on this record, it appears Petitioners are motor carriers who have been serving the affected territory either de jure or de facto; that the advent of Krogel produced motor carrier competition for Petitioners to which they object, and therefore they are entitled to the hearing prescribed in F. S. Section 323.03(2), F.S.A.; and (2), that the cause be remanded for a hearing pursuant to Chapter 323 on the issues raised by Petitioners as hereinbefore outlined. We think Petitioners have made a showing strong enough to entitle them to due process on the merits of Krogel’s application. Compare Van Gorp Van Service, Inc., v. Mayo (Fla.), 207 So.2d 425.
We do not by this remand for such purposes intend in anywise to restrict the administrative authority of the Commission in exercising its lawful and reasonable discretion in determining the merits of whether the certificate for the special common carrier service applied for by Krogel should or should not be granted; but only that whatever action it finally takes should he in the light of a hearing wherein Petitioners are duly heard. Further, we are of the opinion that pending the determination ■of said issues at a proper hearing where Petitioners are to be heard, neither we nor the Commission should disrupt the operation of Krogel under its present common ■carrier certificate, the reason being that at this juncture and on this record we are unable to determine the impact such a disruption would have on the need and convenience of the general public for motor carrier passenger service to and from the Jetport.
It is so ordered.
DREW, THORNAL and ADAMS, JJ., concur.
CALDWELL, C. J., dissents.